Stull v. Lee et al.

AFFIRMED.

---

STULL v. LEE ET AL.

1. **Bond:** TO ABIDE ORDERS OF COURT: CONSTRUCTION OF. The plaintiff herein had brought an action against the defendant for the appointment of a receiver and a settlement of their partnership affairs. The property, however, was left in the hands of the defendant, upon his giving the bond in suit in this action, conditioned that the defendant should abide the orders of the court in the first action. The court in that action rendered judgment against the defendant for a certain sum. *Held* that the surety in the bond was liable for the amount of such judgment, as shown by the record thereof.

*Appeal from Van Buren District Court.*

MONDAY, OCTOBER 25.

ACTION upon a bond executed to the plaintiff by the defendant, A. P. Lee, as principal, and Christian Miller, as surety.   There was a trial to the court without a jury, and judgment was rendered for the plaintiff.   The defendant Miller appeals.

*Johnston & Toppiny* and *Lea, Wherry & Walker,* for appellant.

*Sloan, Work & Brown,* for appellee.

ADAMS, CH. J.—The condition of the bond sued on is in these words: "The condition of the above obligation is such that if the above-bound A. P. Lee shall abide by the future orders of the district court in the case of *Francis Stull v. A. P. Lee,* a cause now pending in the district court of Van Buren county, then this obligation is to be void."   It is undisputed that in the case referred to the court rendered a decree in the plaintiff's favor, against Lee, for $252.45.   This action is brought to recover that amount.

The plaintiff, in support of his claim, was allowed to introduce in evidence the decree in the original action against Lee.   The defendant Miller insists that that decree is not necessarily the measure of his liability.   He does not deny that a decree for the payment of money is an order, and so within the letter of the bond sued on; but his position is that the provisions of the bond are to be construed with reference to the action in which the bond was given, which was an action for a receiver.

The plaintiff and defendant Lee were at one time in partnership in operating a mill.   A disagreement having arisen between them, the plaintiff brought the action in which the bond was given.   The object of the action was to obtain a

receiver to take charge of the mill, which was then being run by Lee, and to obtain a *settlement of their partnership affairs.* The court decided not to appoint a receiver, and to leave the property in Lee's hands, if he would give a bond of the tenor of that above set out, which he did. Miller's position is that the object of giving the bond was merely to afford the plaintiff the same security that he would have had if a receiver had been appointed, and so he became liable only for a proper accounting by Lee for the rents and profits of the mill above expenses, and that plaintiff could recover only what he could show that such rents and profits were. It appears, however, that Miller misconceived the situation. The plaintiff had evidently lost faith in Lee, and he wanted to be relieved from the necessity of watching him, in order to discover what the rents and profits were above expenses. He desired that a man should be appointed who could be trusted. The situation appears to have been such that the profits of the mill from that time forward were to be applied wholly in the payment of partnership debts, and in the payment to the plaintiff of a balance of partnership accounts. What the plaintiff then needed was merely security for the payment of such debts, and such balance of account. He did not, we judge, hope to make more than that out of the mill, and, with security that the debts and balance of account due him would be paid, he would not need a receiver, and Lee might be trusted to run the mill, and keep his accounts in his own way. Viewing the bond, then, in the light of the suit in which it was given, we cannot say, by any means, that its language should have a more restricted meaning than that which it bears upon its face. We think it should not. The decree made, appears to be only such as might be made in the settlement of the partnership affairs, as prayed in the original petition. Miller having bound himself to pay such order, it was only necessary to show what the order was.

AFFIRMED.